UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANGELO LEE TAYLOR,

    Plaintiff,

Case No. 3:18-cv-272

vs.

MONTGOMERY COUNTY, OHIO CHILD
SUPPORT ENFORCEMENT AGENCY,

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

    Defendant.

---

**ORDER AND ENTRY DENYING PLAINTIFF'S MOTON TO STRIKE (DOC. 10)**

\*\*\*

**REPORT AND RECOMMENDATION[1] THAT: (1) *PRO SE* PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT BE DENIED (DOC. 11); (2) DEFENDANT'S MOTION TO DISMISS (DOC. 9) BE GRANTED; (3) PLAINTIFF'S FEDERAL CLAIMS BE DISMISSED WITH PREJUDICE; (4) PLAINTIFF'S STATE LAW CLAIMS BE DISMISSED WITHOUT PREJUDICE; AND (5) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

---

This is a civil case in which *pro se* Plaintiff purports to assert, *inter alia*, civil rights claims under 42 U.S.C. §1983. Because Plaintiff was granted leave to proceed *in forma pauperis*, the undersigned is required to conduct an initial review of his complaint pursuant to 28 U.S.C. § 1915(e)(2). In addition to such initial review, the case is also before the Court on three separate motions: (1) Defendant's motion to dismiss *pro se* Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) (doc. 9); (2) Plaintiff's motion to strike Defendant's motion to dismiss (doc. 10); and (3) Plaintiff's motion for a default judgment (doc. 11). The undersigned has carefully considered all of the foregoing, and all three motions are now ripe for decision.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

# I.

The facts herein include a liberal construction of the allegations pled by *pro se* Plaintiff viewed in the light most favorable to him. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). While *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *id.*, they must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

In October 2010, Plaintiff signed a voluntary acknowledgment of paternity form and submitted to DNA testing under threats made by Defendant the Montgomery County, Ohio Child Support Enforcement Agency ("CSEA"). Doc. 3 at PageID 14. Thereafter, Plaintiff was ordered to pay child support. *Id*. Over six years later, on April 24, 2017, Plaintiff was arrested on a warrant issued by a Montgomery County, Ohio Juvenile Judge as a result of his alleged non-payment of child support. *Id*. at PageID 14-15. Ultimately, Plaintiff was found by the Juvenile Court to be in contempt, and was ordered jailed until he paid $500. *Id*. at PageID 16. According to Plaintiff, he was held in custody for three days, until April 27, 2017. *Id*. at PageID 15.

Plaintiff now brings suit in this Court and the undersigned liberally construes Plaintiff's allegations to assert that the acknowledgement of paternity upon which any child support obligation arose is void for a number of reasons: (1) it was obtained without due process; (2) he was fraudulently induced into executing it; and (3) his signature was obtained under duress.[2] *Id*. at PageID 15. In addition to seeking a declaration that the child support order and subsequent contempt finding are invalid and void, Plaintiff also appears to allege that, because his

---

[2] Plaintiff cites 42 U.S.C. § 666, which is titled "[r]equirement of statutorily prescribed procedures to improve effectiveness of child support enforcement." Courts have held that 42 U.S.C. § 666 does not create a private right of action and, accordingly, the undersigned liberally construes Plaintiff's complaint to, instead, assert claims under § 1983.

acknowledgment of paternity is void, he was falsely arrested and falsely imprisoned as a result of his non-payment of support. *Id*. at PageID 15-16.

## II.

The Court first addresses Plaintiff's motion for a default judgment (doc. 11), to which he attaches a letter requesting the entry of default against Defendant (doc. 11-1). Federal Rule 55 "provides for a two-step process in obtaining a default against a defendant who has failed to plead or otherwise defend"; namely, (1) "request[ing] from the Clerk of Court an entry of default" and, (2) after "receiving an entry of default . . . mov[ing] the Court for a default judgment[.]" *Oliver v. Comm'r of Soc. Sec.*, No. 3:17-CV-104, 2017 WL 2531759, at *1 (S.D. Ohio June 12, 2017). An entry of default is appropriate only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[.]" Fed. R. Civ. P. 55(a).

In this case, the docket reflects that a summons directed to Defendant was returned executed as of August 31, 2018. Doc. 6. Accordingly, pursuant to Fed. R. Civ. P. 12, Defendant was required to either serve an answer or file a Rule 12 motion on or before September 21, 2018. *See* Fed. R. Civ. P. 12(a), (b). Defendant timely filed the instant Rule 12 motion on September 21, 2018 and an answer, if any, would not be due for filing until 14 after the Court's action on the motion to dismiss, if necessary. *See* Fed. R. Civ. P. 12(a)(4)(A). Based upon the foregoing, Defendant has not failed to plead or otherwise defend this action and, therefore, the Court **RECOMMENDS** that Plaintiff's request for an entry of default, and for entry of a default judgment, be **DENIED**.

## III.

The Court next reviews Plaintiff's complaint under 28 U.S.C. § 1915 and addresses Defendant's motion to dismiss. Doc. 9. To the extent Plaintiff moves to strike the motion to dismiss (doc. 10), such motion to strike is **DENIED**.

## A.

In accordance with 28 U.S.C. §1915(e)(2), the Court "shall dismiss [a] case at any time if [it] determines that . . . the action or appeal . . . fails to state a claim upon which relief can be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). Similarly, a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted."

To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555).

In determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. "[T]he factual allegations must be specific enough to justify 'drag[ging] a defendant past the pleading threshold.'" *DM Research, Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. In addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the

complaint," as well as documents attached to a defendant's motion to dismiss that are important to the plaintiff's claims or if referred to in the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted); *Composite Tech., L.L.C. v. Inoplast Composites S.A. de C.V.*, 925 F. Supp. 2d 868, 873 (S.D. Ohio 2013).

A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

**B.**

At the outset, the Court notes that any § 1983 claims purporting to arise in conjunction with Plaintiff's signing of an acknowledgement of paternity and submitting to DNA testing in 2010 are time-barred. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) ("[T]he appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"). Because Plaintiff executed the acknowledgement of paternity and submitted to DNA testing in October 2010, the statute of limitations expired as of October 2012, *i.e.*, approximately six years before the filing of this lawsuit.

Insofar as Plaintiff seeks to rescind, void, vacate, or cancel the state child support order or the subsequent contempt finding for which he was arrested and jailed, the undersigned agrees with Defendant that such claims are barred by application of the *Rooker-Feldman* doctrine. Under *Rooker-Feldman*, federal courts lack authority to sit as a state appellate court to review state-court

determinations. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005). Under that doctrine, federal district courts lack jurisdiction to review state child support orders and orders enforcing the payment of child support. *Rowe v. City of Detroit*, No. 00-1353, 2000 WL 1679474, at *2 (6th Cir. Nov. 2, 2000); *see also Belock v. Burt*, 19 F. App'x 323, 324 (6th Cir. 2001) (affirming the district court's decision that it "lacked jurisdiction to review the support orders of the Geauga County Common Pleas Court").

With regard to Plaintiff's § 1983 claims alleging false arrest and/or false imprisonment against the Montgomery County Child Support Enforcement Agency ("CSEA"), which is the only named Defendant in the case, such claims appear to be improper because the CSEA is not *sui juris*, *i.e.*, it "lacks the capacity to be sued." *Jones v. State*, No. 3:15CV00325, 2015 WL 5562309, at *4 (S.D. Ohio Sept. 22, 2015), *report and recommendation adopted sub nom. Jones v. Dewine*, No. 3:15CV00325, 2015 WL 5999363 (S.D. Ohio Oct. 15, 2015).

Even assuming, *arguendo*, the CSEA is *sui juris*, any timely filed § 1983 claims against it -- alleged false arrest and false imprisonment -- must be dismissed because Plaintiff failed to plead sufficient facts that, if accepted as true, would state a facially plausible claim. *See Pegram v. Ohio Child Support Div.*, No. 1:14CV638, 2014 WL 5107599, at *6-7 (S.D. Ohio Oct. 10, 2014). Specifically, CSEA -- a government entity as opposed to an individual state actor -- "may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability." *Harris v. Jan*, No. 3:05CV7370, 2005 WL 3483551, at *2 (N.D. Ohio Dec. 15, 2005) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

6

Instead, government entities are only liable under § 1983 when a constitutional injury results from "execution of a government's policy or custom[.]" *Id*.

Here -- again, assuming, *arguendo*, that CSEA is *sui juris* -- it is unclear what specific CSEA policy or custom, if any, Plaintiff contends resulted in his arrest and incarceration. Plaintiff suggests, perhaps, that CSEA lacks authority to seek a contempt finding for non-payment of child support. Doc. 3 at 15-16. However, Ohio Rev. Code § 2705.031(B)(1) authorizes CSEA to initiate a contempt proceeding and one's failure to appear for contempt proceedings "may result in the issuance of an order of arrest," *see* Ohio Rev. Code § 2705.031(C)(1), such as the warrant allegedly issued by Montgomery County Juvenile Court here.

Plaintiff also alleges that it is unconstitutional -- under the Ohio Constitution -- to jail individuals over unpaid debts and, therefore, suggests that a policy or custom of seeking the arrest and incarceration of individuals for non-payment of support led to a deprivation of rights. Doc. 3 at PageID 15-16. Contrary to Plaintiff's contention, however, contempt for non-payment of child support is a jailable offense under Ohio law. *Cramer v. Petrie*, 637 N.E.2d 882, 886 (Ohio 1994) ("[S]upport obligations arising by operation of law and moral duty do not come within the scope of the prohibition against imprisonment" and, therefore, "an order to pay child support may be enforced by means of imprisonment"); *Brandenburg v. Brandenburg*, No. 2004-L-085, 2005 WL 3275382, at *1 (Ohio Ct. App. Dec. 2, 2005) ("The Supreme Court of Ohio permits imprisonment for failure to pay child support"). Further, even assuming the failure to pay child support or contempt of court are nonjailable offenses, and liberally construing Plaintiff's allegations to allege a violation of the United States Constitution, "the Fourth Amendment does not forbid an arrest for a 'nonjailable' offense." *Thomas v. City of Peoria*, 580 F.3d 633, 638 (7th Cir. 2009) (citing *Atwater v. City of Lago Vista*, 532 U.S. 318, 351–54 (2001)).

Based on the foregoing, the undersigned concludes that *pro se* Plaintiff fails to state a federal claim upon which relief can be granted against the named Defendant and, therefore, such claims should be dismissed with prejudice. Insofar as Plaintiff appears to state claims under Ohio law, the Court should decline to exercise supplemental jurisdiction and dismiss any state law claims without prejudice to refiling those claims in the state court. *See* 28 U.S.C. § 1367. Plaintiff's remaining claims all concern causes of action asserted under Ohio state law. *See Booker v. City of Beachwood*, 451 F. App'x 521, 522-23 (6th Cir. 2011) (citing 28 U.S.C. § 1367(c)(3) ("Once [a] district court dismisse[s] all of the claims over which it ha[s] original jurisdiction, it act[s] squarely within its discretion by declining supplemental jurisdiction over the remaining [state law] claim[s] and dismissing [them] without prejudice").

**IV.**

Accordingly, Plaintiff's motion to strike (doc. 10) is **DENIED**. Further, the undersigned **RECOMMENDS** that: (1) that Plaintiff's motion for a default judgment (doc. 11) be **DENIED**; (2) Defendant's motion to dismiss (doc. 9) be **GRANTED**; (3) Plaintiff's federal claims be **DISMISSED WITH PREJUDICE**; (4) Plaintiff's state law claims be **DISMISSED WITHOUT PREJUDICE**; and (5) this case be **TERMINATED** on the Court's docket.

Date:   May 8, 2019                              s/ Michael J. Newman
                                                          Michael J. Newman
                                                          United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).